J. F. KELLY ET AL. v. W. H. BELCHER.

(No. 1276, Op. Book No. 2, p. 392.)

APPEAL from Coryelle County.   Opinion by QUINAN, J.

§ 1126. *Continuance; nunc pro tunc order; injunction; costs.*   Appellants enjoined appellee, the sheriff, from collecting certain taxes for the payment of school teachers.   After the parties had gone into the trial of the case, appellee discovered that no order had been entered upon the minutes of the commissioners' court levying the tax.   Upon the discovery of this fact the court permitted appellee to withdraw the case from the jury and continue it.   Thereafter the commissioners' court entered the order levying the tax *nunc pro tunc*, and upon trial of the cause by the judge the injunction was dissolved and judgment rendered against the plaintiffs for the costs. *Held*, 1. It was within the discretion of the court to permit the withdrawal of the case from the jury and to continue it, and this discretion is not the subject of revision. 2. A very great latitude has been permitted to courts in making entries *nunc pro tunc*, and it has been held that where an execution had issued, and a sale of property had been made thereunder, though there was no judgment to support it, that the entry subsequently of a judgment *nunc pro tunc* validated the proceeding.   But generally judgments *nunc pro tunc* will not be entered unless there is something in the record by which it can be known that in fact the judgment was rendered.   In this case there seems to have been no entry or minute from which it could be determined in fact that the commissioners' court had levied the tax.   It rested only in the memory of the commissioners and their officers.   In a matter of so much importance it is not to be expected that reliance should be placed upon their fallible recollection.   Our Revised Statutes permit the amendment of judgments and decrees after the term, but that is only where there is something in the record to amend by.

The order of the commissioners' court could only have been legally entered upon like conditions. Entered as it was, it did not have the effect of an amendment or valid *nunc pro tunc* order. It did not relate back so as to make legal proceedings had before it was rendered. [Freeman on Judgments, 67; 18 Maine, 183.] But it was doubtless a valid levy of the tax, and operative from the time when it was in fact entered. At the time of trial it was in full force, and required the sheriff to proceed to collect the tax. It was proper, therefore, to dissolve the injunction. The injunction was properly issued, but the entry of the legal decree for the levy of the tax in the meantime required also that it should be dissolved. 3. The plaintiffs should have recovered their costs, but no complaint is made on that ground; and as this was an equitable proceeding, costs were at the discretion of the court.

May 14, 1881.                                Affirmed.